UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 06-61529-CIV-MORENO

THERESA B. BRADLEY, Psy.D./JD,

    Plaintiff,

vs.

ROBERT BRUCE MILLER; JOEL PIOTRKOWSKI; GREEN, KAHN PIOTRKWOWSKI, PA; D. DAVID KELLER; BUNNELL WOULFE, PA ET AL; GE INSURANCE SOLUTIONS CORPORATION; COREGIS INSURANCE COMPANY; RONALD R. PRESSMAN; JAMES M. SCHNEIDER; LAWRENCE P. TU; JOSEPH A. MARENQI; PAUL SIEGEL; MAXINE COHEN LANDO; THE FLORIDA BAR,

    Defendants.
_____/

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

THIS CAUSE came before the Court upon a *sua sponte* review of the record.

THE COURT has reviewed Plaintiff's complaint that appears to be defective for the reasons explained below. Therefore, Plaintiff's complaint is **DISMISSED** without prejudice. Plaintiff may file an amended complaint, which comports with this order no later than **October 16, 2007**.

I.    **One Claim Per Count**

Plaintiff's complaint appears to violate the one-claim-per-count rule. Fed.R.Civ.P. 10(b). In *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366-7 (11th Cir. 1996), the court, concerned about the ramifications of cases proceeding on the

basis of "shotgun" pleadings, noted:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

*See also Magluta v. Samples*, 256 F.3d 1282 (11 th Cir. 2001); *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996); *L.S.T., Inc. v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995). Such "shotgun" pleading imperils fundamental principles of due process.

The Eleventh Circuit has expressed increased frustration with district courts that let the case proceed despite such shotgun pleadings. *See Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001). The *Byrne* court sought to avoid having district courts undergo the time-consuming process of "rearranging the pleadings and discerning whether the plaintiff has stated a claim, or claims, for relief, and whether the defendant's affirmative defenses are legally sufficient." *Id*. at 1129. The *Byrne* panel also counseled, "Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard." *Id*. at 1131.

## II.     Criminal Statutes may not be enforced by Plaintiff in this civil action

Plaintiff's complaint is also defective because criminal statutes may not be enforced by Plaintiff in this civil action. It is a "firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these actions." 21 Am. Jur. 2D Criminal Law § 562; *see Bass Angler Sportsman Soc'y v. U.S. Steel Co.*, 324 F.Supp. 412 (S.D. Ala. 1971), *aff'd*, 477 F.2d 1304 (5th Cir. 1971). Accordingly, Plaintiff's attempt to enforce criminal statutes (e.g., Count V - Criminal Conspiracy; Count VI - Violations of Florida Criminal Statutes 837.032, 837.06; Count VIII Fraud with

Conspiracy to Engage in Criminal and Civil Theft of Client's Funds Held in Trust Account; and Count XI - Violations of 18 U.S.C. 1962(c) - Bribery, Racketeering, and Corruption, Count XII - Violations of the Hobbs Act 18 U.S.C. § 1951, etc.) is inappropriate and as such, should not be included in Plaintiff's amended complaint.

### III.   The Court must dismiss Counts that fail to state a claim

Pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), "the Court shall dismiss [a case] at any time if the Court determines that ... the action [] fails to state a claim on which relief may be granted." Plaintiff has included several counts that fail to state a cause of action. For example, "there is no such thing as a civil action for conspiracy; the action is for damages caused by acts committed pursuant to a formed conspiracy, rather than by the conspiracy itself. In other words, a civil conspiracy is not an independent cause of action; there must be an underlying wrong on which the conspiracy claim is based." 15A C.J.S. Conspiracy § 24; *see Nance v. Maxwell Federal Credit Union (MAX)*, 186 F.3d 1338, 1342 (11th Cir. 1999). Therefore, Count VII - Civil Conspiracy of Plaintiff's Complaint fails to state a cause of action on which relief may be granted. The Court advises Plaintiff to determine whether there is a legal basis to support each of her claims before Plaintiff files her amended complaint.

The purpose and effect of this order is limited. It is intended to require that the complaint be brought into compliance with law, but not to close the case. Mindful of the rules that a well-pleaded complaint contains only one claim per count, that criminal statutes may not be enforced in this civil action, that each cause of action must state a claim for which relief may be granted, and mindful of the due process concerns articulated above, it is

**ORDERED and ADJUDGED**:

1. The complaint is dismissed without prejudice. Plaintiff may file an amended complaint no later than **October 16, 2007**.

2. In redrafting the complaint, Plaintiff shall exclude claims pursuant to any criminal statutes that may not be properly included in this civil action.

3. Plaintiff shall include no surplusage, *e.g.* there is no need to tell the whole story. A simple and concise statement will suffice.

4. Plaintiff is required to ensure that each legal claim advanced is set forth in a separate count, *e.g.* if a plaintiff is alleging wrongful termination, retaliation, and hostile work environment, each of those claims require a separate count.

5. Further, each count shall state with specificity both the factual and **legal** basis for the claim it sets forth. If a claim is one where Fed.R.Civ.P. 9 is applicable, that claim must be pled with particularity. Other numbered paragraphs may be incorporated by reference but this must be done with particularity so that only relevant paragraphs are referenced. It is impermissible to attempt a wholesale incorporation by reference of all preceding paragraphs.

4. If defendant has yet to be served with process or enter an agreement in this case, the plaintiff's counsel shall forward to defense counsel a copy of this order.

DONE AND ORDERED in Chambers at Miami, Florida, this _2_ day of October, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE